MILLVILLE NATIONAL BANK v. SMITH SHAW, DANIEL F.
BETHEL, AND FURMAN L. MULFORD AND OWEN W.
WORSTALL, PARTNERS, &c.

1. If a legal levy be made by the sheriff on personal property under execution, subsequent levies may be made by him without view, or notice to defendant.

2. An order on the sheriff to pay the surplus of purchase money, after satisfaction of a first execution, dated before, but presented after a second execution was delivered, will not be preferred.

3. A prior lien on a vessel enrolled or registered under the laws of the United States, can be obtained by a bill of sale recorded in the office of the collector of customs where such vessel was registered or enrolled, but not by order for surplus arising from sale under execution

---

On motion for surplus on execution.    Rule to show cause.

Argued at June Term, 1880, before Justices SCUDDER and MAGIE.

For the plaintiff, *J. H. Nixon.*

For the defendants, *F. McGee.*

The opinion of the court was delivered by

SCUDDER, J.    Furman L. Mulford & Co., sureties for Daniel F. Bethel, and co-defendants with him in a judgment obtained by the Millville National Bank, paid the judgment, took an assignment of the same, and issued an execution thereon the 1st day of April, 1880.    This execution was delivered to the sheriff of Hudson county April 1st, 1880, at two and a half o'clock P. M.

The sheriff, under a former execution, had levied on the one equal undivided fourth part of the schooner "Furman L. Mulford," belonging to the defendant, Daniel F. Bethel, and had advertised the same to be sold at the court-house, at two o'clock P. M., on the 2d day of April, 1880.

The vessel was in possession of the owners when the second writ was delivered to the sheriff, and he made a copy of the former levy, and attached it to the second writ, on the day it was received, April 1st, 1880.

On April 2d, 1880, at two o'clock P. M., and before the sale of the one-fourth share of the schooner under execution, Philip Ford, of Philadelphia, served on the sheriff a writing under seal, executed by Daniel F. Bethel, whereby he assigned to said Ford all his right, title, and interest in and to all moneys arising from the sale of his interest in the schooner, then advertised for sale by the sheriff of Hudson county, N. J., under an execution in favor of Furman L. Mulford, against him, issued out of the Supreme Court of New Jersey, and he did thereby authorize and empower said sheriff to pay to said Ford all such moneys as shall remain in his hands after payment of said judgment and costs. This writing was dated March 26th, 1880.

After the sale, and satisfaction of the first execution, there remained in the hands of the sheriff $750.32 surplus money, which awaits the order of this court, on motion of the assignees of the second judgment and execution that said surplus be paid to them.

Upon these facts, two questions are raised—first, whether the levy under the second execution was good; and, second, if so, whether it is preferred to the assignment to Philip Ford.

There is no question made as to the formality of the first levy. If this levy be legal, then, from the time it was made, the goods levied on were constructively in the possession of the sheriff, and he might make subsequent levies without actual view, and notice to the defendant. It is the constant and convenient practice to make copies of the former levy, and attach them to the subsequent executions. This has been so long sanctioned by our courts that it cannot now be disturbed. The levy was good, and it bound the vessel from the time of the delivery of the writ to the sheriff.

The answer to the second question depends on the construction which shall be given to the writing given to Philip Ford. It was executed March 26th, 1880, and delivered to Ford prior to the receipt of the second execution by the sheriff. Notice of it was given to the sheriff subsequent to the delivery of the second execution. It is not, in terms, a sale of the defendant's right, title, and interest in the schooner "Furman L. Mulford." Whether this vessel was enrolled or registered under the laws of the United States, does not appear in the state of the case. If it was, then the bill of sale of the vessel, or any part of it, would be valid against this plaintiff in execution, unless recorded in the office of the collector of the customs where such vessel is registered or enrolled. *Rev. Stat. U. S.*, § 4192. If the particular phraseology used was intended to evade the statute, the construction should not be favorable to such purpose.

The transfer is, in words, "of all the right, title, and interest in and to all moneys arising from the sale, and the sheriff is thereby authorized to pay all such moneys as shall remain in his hands after payment of said [first] judgment and costs." When the sale was made, and the moneys from such sale came into the hands of the sheriff, the lien of the second execution had attached, and the right, title, and interest of the defendant therein was subject to the charge of this second execution. If the defendant in execution could not take these moneys against the plaintiff in this execution, then his assignee could have no greater right at that time. The sheriff must first apply the moneys in his hands to the satisfaction of the second writ held by him, before he can accept and pay the order given to Philip Ford for the payment of such surplus to him.

Let the rule be so entered.